IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE A. GIBSON,

      Plaintiff,                      No. CIV S-05-1755 LKK GGH P

   vs.

D.L. RUNNELS, et al.,

      Defendants.            <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' July 10, 2006, motion to dismiss for failure to exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b). After carefully considering the record, the court recommends that defendants' motion be granted.

<u>Plaintiff's Allegations</u>

        Plaintiff originally filed this action on September 1, 2005. This action is proceeding on the amended complaint filed February 21, 2006.

        Plaintiff alleges that on August 12, 2005, defendants Prater, Shelton, DeForest and Goni denied him a vegetarian meal. When he protested, defendants attacked him. Plaintiff alleges that on August 24, 2005, defendants Spindle and Cobb denied him a vegetarian meal. When plaintiff protested by sticking his hand through the food sally-port, defendants Spindle and

1

Cobb grabbed his hand and attempted to break it.  Plaintiff alleges that he was then escorted to see defendant Minnick who threatened him with bodily harm.

Motion to Dismiss

42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  In order for California prisoners to exhaust administrative remedies, they must proceed through several levels of administrative appeal:  1) informal resolution, 2) formal written appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and 4) third level appeal to the Director of the California Department of Corrections. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).  A final decision from the Director's level of review satisfies the exhaustion requirement.  Id. at 1237-38.

Administrative appeals alleging staff misconduct are processed differently. Brown v. Valoff, 422 F.3d 926, 939 (9th Cir. 2005).  Administrative appeals alleging staff misconduct are logged by the appeals coordinator as Staff Complaints.  422 F.3d at 938.  Once an administrative appeal is *categorized* as a Staff Complaint, no further administrative remedies are available because there is no possibility that it will be investigated, separately, through the appeals process.  Id. at 938-939.  However, when an administrative appeal alleges staff misconduct and other issues, then the inmate shall be notified that the other issues must be separately appealed.  Id.  In this situation, further remedies are available as to these other issues. Id. at 938-939.

In Booth v. Churner, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates must exhaust administrative remedies, regardless of the relief offered through administrative procedures.  121 S. Ct. at 1825.  Therefore, inmates seeking money damages must completely exhaust their administrative remedies.  42 U.S.C. § 1997e(a) provides that no action shall be

brought with respect to prison conditions *until* such administrative remedies as are available are exhausted. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

Defendants state that plaintiff filed grievance no. 05-2486 complaining about the August 12, 2005, incident and grievance no. 05-2918 complaining about the August 24, 2005, incident. Defendants' Exhibits 1, 2 attached to exhibit A. On January 13, 2006, grievance no. 05-2586 was denied at the Director's Level of review. Id. On March 16, 2006, grievance no. 05-2918 was denied at the Director's Level of review. Id. Defendants argue that because plaintiff exhausted his administrative remedies after he filed this action, this action should be dismissed.

Appeal no. 05-2586 was bypassed at the informal level. Id., exhibit 1. On September 21, 2005, this appeal was granted, without explanation, at the first level of review. Id. The response to the second level of appeal, dated October 6, 2005, indicates that the appeal was categorized as a Staff Complaint involving staff misconduct. See Exhibits attached to amended complaint. The Director's Level response to appeal no. 05-2586 also states that the reviewer at the second level of review referred the matter to the Officer of Internal Affairs for an investigation. Id.

Because appeal no. 05-2586 was treated as a staff complaint involving staff misconduct and referred to the Office of Internal Affairs, this appeal would became final when it was categorized as a staff complaint and fully investigated. Brown v. Valoff, 422 F.3d at 938, 940. It is not clear whether this appeal was categorized as a staff complaint at the first or second levels of review. Assuming it was categorized as such at the first level of review on September 21, 2005, this still occurred prior to September 1, 2005, i.e. the date on which plaintiff originally filed this action. Accordingly, the claims raised in this appeal are unexhausted.

The Director's Level response to appeal no. 05-2918 does not indicate that this appeal was categorized as a staff complaint involving staff misconduct. Defendants' Exhibit 2 to Exhibit A. Even if it had been, this appeal was bypassed at the informal level of review and partially granted at the first level of review on October 13, 2005. Id. Therefore, assuming appeal

no. 05-2918 was categorized as a staff complaint at the first level of review, this occurred prior to the date plaintiff filed this action. In any event, if not a Staff Complaint, plaintiff filed his action before the Director's decision. Accordingly, the claims raised in this appeal are unexhausted.

For the reasons discussed above, the court finds that plaintiff failed to exhaust administrative remedies prior to filing this action. For this reason, defendants' motion to dismiss should be granted.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' July 10, 2006, motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  8/24/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
gib1755.mtd